399 F.3d 913
 UNITED STATES of America, Plaintiff — Appellee,
v.
Tracie D. COTTON, also known as Tracie Danner, Defendant — Appellant.
 No. 04-2237.
 United States Court of Appeals, Eighth Circuit.
 Submitted: November 15, 2004.
 Filed: March 8, 2005.
 
 Rebecca J. Smith, argued, Omaha, NE, for appellant.
 Janice M. Lipovsky, argued, AUSA, Lincoln, NE, for appellee.
 Before RILEY, JOHN R. GIBSON, and GRUENDER, Circuit Judges.
 JOHN R. GIBSON, Circuit Judge.
 
 
 1
 Tracie D. Cotton appeals the district court's[1] order sentencing her to 46 months' imprisonment upon revocation of her supervised release. Cotton argues that because the sentence exceeded the range recommended by U.S.S.G. § 7B1.4, the district court erred by orally stating the reasons for the sentence imposed, rather than writing them in an order. She also contends that the sentence imposed was unreasonable. We affirm the sentence imposed by the district court.
 
 
 2
 Cotton was convicted of conspiracy to distribute methamphetamine in 2000 and sentenced to 168 months in prison and five years of supervised release. Later, the United States filed a motion under Fed.R.Crim.P. 35(b), which resulted in her prison sentence being reduced to 36 months. While she was serving her term of supervised release, Cotton was indicted in state court for felony possession of a controlled substance. The United States Attorney's office moved to revoke her supervised release on the grounds that she had violated two conditions of her supervised release: (1) she had committed a state crime, felony possession of a controlled substance, and (2) she had used controlled substances, as shown by urinalysis tests in 2003 and 2004, which revealed methamphetamine and hydrocodone in her urine.
 
 
 3
 Pursuant to an agreement between the state prosecutor, the United States Attorney and the defense, Cotton pleaded guilty in state court to felony possession of a controlled substance, while in federal court she admitted the urinalysis charge. In return, the United States dismissed the charge based on violation of a state law. The basis for revoking supervised release was therefore a Grade C violation, the least serious of the three types of violation listed in U.S.S.G. § 7B1.1. The recommended sentence for a Grade C violation for Cotton's criminal history category was seven to thirteen months' imprisonment. U.S.S.G. § 7B1.4(a). Notwithstanding the guidelines recommendation, the probation officer recommended a sentence of forty-six months. The court advised Cotton that the guidelines range was not binding on the court and that she could be sentenced up to the statutory maximum of five years' imprisonment. See 18 U.S.C.A. § 3583(e)(3) (Supp.2004). Cotton pronounced her desire to proceed with the plea agreement.
 
 
 4
 Defense counsel argued that, despite a recommendation by the court at the time of the original sentencing that Cotton receive a 500-hour drug treatment course in prison, she had only received a less extensive class that counsel considered inadequate. Counsel proposed that Cotton should attend a drug treatment program at a private facility as an alternative to a long prison sentence.
 
 
 5
 After argument and allocution, the district court pronounced sentence as follows:
 
 
 6
 To reflect the seriousness of the offense, to promote respect for the law, to provide for just punishment, and to afford deterrence, I revoke supervised release and sentence Ms. Cotton to 46 months in prison to be followed by no terms of supervised release.
 
 
 7
 I've exceeded the guidelines for four reasons. We have repeated violations of the terms of supervision, so defendant was previously a beneficiary of [a] large downward departure. The conduct, drug abuse, is associated with a risk of new felonious conduct and the defendant is in need of continued drug and alcohol treatment that, at this point, I think can best be provided in prison. I recommend in the strongest possible terms two things to the Bureau of Prisons. That the defendant be lodged as close as possible to the State of Nebraska, and that she be enrolled in the intensive drug treatment of the Bureau of Prisons.
 
 
 8
 On appeal, Cotton contends that the district court violated the written-order requirement of 18 U.S.C.A. § 3553(c)(2) (2004 Supp.) (as amended by the PROTECT Act, Pub.L. No. 108-21, 117 Stat. 650, 669 (April 30, 2003)), which provides:
 
 
 9
 (c) Statement of reasons for imposing a sentence. — The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and if the sentence —
 
 
 10
 ...
 
 
 11
 (2) is not of the kind, or is outside the range, described in subsection (a)(4) [i.e., the guidelines range], the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgment and commitment....
 
 
 12
 Our Circuit has squarely held that the written-order requirement of § 3553(c)(2) does not apply when the court revokes supervised release and imposes a sentence different from the term recommended by U.S.S.G. § 7B1.4. United States v. White Face, 383 F.3d 733, 738-39 (8th Cir.2004) (Murphy, J.). We reasoned that the written-order requirement applies to departures from the guidelines range, whereas revocation of supervised release is not governed by guidelines, but only policy statements which are not binding on the court (although the court must consider them). Id. "[A] revocation sentence exceeding the suggested range in the policy statements of Chapter 7 has not been considered to be an upward departure from the guidelines." Id. at 738. We must reject Cotton's first argument.
 
 
 13
 Cotton also argues that the sentence she received was unreasonable. In White Face we stated:
 
 
 14
 When there is no applicable sentencing guideline, as in the case of a revocation sentence, we review to determine whether the sentence was plainly unreasonable. See 18 U.S.C. § 3742(e)(4). A district court's decision to sentence a defendant to a longer term than suggested by Chapter 7 is reviewed for abuse of discretion.
 
 
 15
 383 F.3d at 737. Under 18 U.S.C.A. § 3583(e), the district court must take into account certain of the factors listed in 18 U.S.C. § 3553(a), including the statutory goals of deterrence, incapacitation, and rehabilitation, §§ 3553(a)(2)(B), (C) & (D); the pertinent circumstances of the individual case, § 3553(a)(1); applicable policy statements, §§ 3553(a)(4) & (5); sentencing uniformity, § 3553(a)(6); and restitution, § 3553(a)(7). See White Face, 383 F.3d at 740.
 
 
 16
 The Supreme Court has just handed down its opinion in United States v. Booker, ___ U.S. ___, 125 S.Ct. 738, ___ L.Ed.2d ___ (2005),[2] which vitally affects the standard of review in guidelines cases. Justice Breyer, writing for the court, excised 18 U.S.C.A. § 3742(e) (2004 Supp.) and prescribed a new standard of review for guidelines cases generally. ___ U.S. at ___-___, 125 S.Ct. at 764-69. However, the new standard of review will not change the result in this case, because the new standard is actually the same as the one we would have used otherwise. The new standard is review for unreasonableness with regard to § 3553(a). Booker, ___ U.S. at ___, 125 S.Ct. at 765. This is the same standard prescribed in § 3742(e)(4). Booker, ___ U.S. at ___, 125 S.Ct. at 766. Indeed, the Supreme Court cited White Face as an example of the use of the standard. Id.See also United States v. Fleming, 397 F.3d 95 (2d Cir.2005) (applying reasonableness standard of review in revocation of supervised release case after Booker).
 
 
 17
 The district court explicitly discussed the statutory sentencing goals and gave four good reasons for its sentence: Cotton had repeatedly violated the conditions of her supervised release[3]; she had received a substantial reduction of her original sentence through the Rule 35 motion; the nature of her violations put her at risk for serious criminal conduct; and she could best receive drug treatment within prison. Considering the statutory goals of sentencing and the facts and circumstances of this case, see 18 U.S.C.A. § 3583(e), the sentence imposed is not unreasonable.
 
 
 18
 We affirm the sentence imposed.
 
 
 
 Notes:
 
 
 [1]
 The Honorable Richard G. Kopf, Chief Judge for the United States District Court for the District of Nebraska
 
 
 [2]
 Cotton has not argued, either in the district court or here, that her sentencing violated the Sixth Amendment or that she is entitled to relief underBooker. We therefore do not consider any such argument.
 
 
 [3]
 Cotton states that she had a prescription for hydrocodone but simply forgot to tell the probation officer. At the sentencing hearing, Cotton admitted to the court that on the day she tested positive for hydrocodone, she affirmatively told the probation officer she was not taking any medications. At any rate, the great majority of the urinalysis violations involved methamphetamine, not hydrocodone, and so the district court's reasoning would be valid even if the hydrocodone violations were excused