**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Oscar Antonio ORTEGA, Defendant—**
**Appellant.**

**No. 04–50270.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2005.

Decided June 24, 2005.

Sherilyn Peace Garnett, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Deputy FPD, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: LAY,* REINHARDT, and THOMAS, Circuit Judges.

### MEMORANDUM **

Oscar Antonio Ortega appeals from his conviction and sentence for possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). We affirm the conviction, but remand the sentencing issues pursuant to *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005).

### I

We review a trial court's denial of a continuance request for an abuse of discretion. *United States v. Prime,* 363 F.3d 1028, 1035 (9th Cir.2004). We consider several factors in determining whether a district court abused its discretion in failing to grant a continuance, including the requester's diligence in case preparation, the likely utility of the continuance, the inconvenience a continuance may have caused, and whether other continuances have been granted. *United States v. Fowlie,* 24 F.3d 1059, 1069 (9th Cir.1994); *United States v. Flynt,* 756 F.2d 1352, 1359 (9th Cir.1985). We will reverse only if the appellant shows that the denial prejudiced his defense. *United States v. Gonzalez–Rincon,* 36 F.3d 859, 865 (9th Cir.1994).

After careful review of the record, the briefs, and arguments of the parties, we conclude that the district court properly weighed the relevant factors in reaching its decision. Given the entire context of the case, the district court did not commit reversible error in its actions.

### II

■ Because Ortega did not admit the elements of the crime, the district court did not err in denying Ortega a downward adjustment for acceptance of responsibility as defined in the United States Sentencing Guidelines ("USSG"). *See* USSG § 3E1.1.

### III

The district court did not commit plain error in imposing special conditions of supervised release. Plain error requires: 1) an error; 2) that is plain; and 3) that affects substantial rights. *Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

■ The district court did not commit plain error in the imposition of a supervised release condition requiring Ortega to report to his probation officer within 72 hours of reentry to the United States after leaving the country. Oretega did not object to this condition when sentenced, but now contends that the condition violates his rights under the Fifth Amendment. However, the Fifth Amendment does not protect non-testimonial acts, such as the production of real or physical evidence. *Schmerber v. California,* 384 U.S. 757, 761, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). The act of reporting to one's probation officer is not a testimonial act. *Id.* at 764, 86 S.Ct. 1826.

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ The district court also did not plainly err in imposing as special conditions of supervised release the requirements that Ortega 1) participate in outpatient substance abuse treatment; 2) abstain from using alcohol; and 3) pay the costs of his drug and alcohol treatment, as directed by the probation officer. A district court is afforded wide discretion in imposing supervised release conditions, so long as the conditions are reasonably related to the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(d); *United States v. Gallaher*, 275 F.3d 784, 793 (9th Cir.2001). Any conditions imposed must reasonably relate to (1) the nature and circumstances of the offense, as well as the history and characteristics of the defendant; (2) the goal of deterrence; (3) the need to protect the public from additional crimes committed by the defendant; and (4) the rehabilitation of the defendant. 18 U.S.C. § 3553(a). Conditions should "involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." USSG § 5D1.3(b)(2). Although the record contains sparse evidence of Ortega's history with drugs and alcohol, it is sufficient to justify the district court's imposition of the special conditions under a plain error review. We do not opine as to whether, on the basis of this record, the imposition of these conditions could be sustained under a less deferential standard.

## IV

■ Under *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Sentencing Guidelines have become advisory, rather than mandatory. In this case, the district court declined Ortega's request for a downward departure and his request for a downward adjustment for acceptance of responsibility under a mandatory sentencing scheme. Therefore, we remand pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) to permit the district court to determine whether the sentence would have been the same under *Booker*. In remanding, we do not preclude the district court or the parties from reconsidering the special conditions of supervised release.

## CONVICTION AFFIRMED; REMANDED FOR FURTHER PROCEEDINGS