# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3253

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal From the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Shaun Deangelo Porchia, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 14, 2006
Filed: March 28, 2006

_____

Before COLLOTON, HEANEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Shaun Deangelo Porchia appeals from the 24-month sentence imposed following a revocation hearing on violations of his supervised release. He argues that the district court abused its discretion by allowing a probation officer to testify that Porchia had used marijuana, rather than require a lab technician to testify as to positive lab test results. He further contends that his sentence is unreasonably long. We affirm.

Although the Federal Rules of Evidence do not apply to revocation proceedings, "probationers and parolees enjoy due process and statutory protections

in the context of their revocation hearings." United States v. Redd, 318 F.3d 778, 783 (8th Cir. 2003) (citing Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972)). In United States v. Bell, 785 F.2d 640, 642-43 (8th Cir. 1986), this court set forth the balancing test that district courts are to employ when determining the admissibility of hearsay testimony offered by the government in revocation hearings. The court is to balance the probationer's right of confrontation against the government's reasons for proffering the hearsay. Id. at 642. Factors which aid in this analysis are the government's stated reason for not having the witness testify in person, and whether the evidence is of a type generally reliable. Id. at 643. Although the district court is generally required to perform a Bell balancing test in the first instance, we may also perform that task where the record is sufficient to allow our informed analysis. United States v. Martin, 382 F.3d 840, 844 (8th Cir. 2004).

Having reviewed the record in this case, we find no error in the admission of the complained-of hearsay statement. A probation officer familiar with Porchia's circumstances testified that Porchia had tested positive on a number of occasions for the presence of marijuana on a "sweat patch" that he was required to wear. Porchia complains that he was entitled to confront and cross-examine someone affiliated with the private laboratory located in Texas that performed the test. Given the reliability of drug-test evidence, however, we find that the questionable value in requiring such testimony is outweighed by the burden to the government in producing such a witness. Accord Redd, 318 F.3d at 784.

Porchia also argues that the 24-month sentence imposed was unreasonable, directing us to the fact that the guidelines suggested a range of six to twelve months. See USSG § 7B1.4(a), p.s. (revocation table). We determine whether a revocation sentence was reasonable in light of the factors referenced in 18 U.S.C. § 3583(e), United States v. Cotton, 399 F.3d 913, 916 (8th Cir. 2005), and review a district court's decision to impose a sentence longer than suggested by the revocation table for an abuse of discretion, United States v. White Face, 383 F.3d 733, 737 (8th Cir.

2004).  We find no error here; Porchia had been before the court at least twice before on revocation hearings, and as recently as two months before the instant offenses had been allowed to continue on supervised release despite similar violations.  Moreover, Porchia's initial sentence of five years of probation reflected a downward departure, and Porchia had been thoroughly and continually forewarned by the court that it would not take Porchia's violations lightly.  We cannot fault the district court for following through on its pledge.

     For the reasons stated above, we affirm.

_____