# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2427

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Jedediah Conelly, | * | |
| | * | |
| Defendant -Appellant. | * | |

_____

Submitted: March 13, 2006
Filed: June 29, 2006

_____

Before ARNOLD, JOHN R. GIBSON, and SMITH, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Jedediah Conelly appeals the sentence imposed on him after he pleaded guilty to one count of conspiracy to possess methamphetamine with intent to distribute it, 21 U.S.C. § 846, and one count of possessing a firearm during a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). The district court[1] sentenced Conelly to 150 months' imprisonment, a figure to which Conelly and the government had stipulated in a plea agreement. Upon the government's filing of a motion under Fed. R. Crim. P. 35(b), the district court later reduced the sentence to 96 months. The district court also

_____

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

sentenced Conelly to five years of supervised release, including a special condition requiring him to attend, complete, and pay for mental health services as directed by the probation officer. Conelly appeals the term of imprisonment, arguing that the district court applied the United States Sentencing Guidelines as mandatory, rather than as advisory. He also appeals the mental health services condition of his supervised release, arguing that the record did not show the condition was warranted and that the district court improperly delegated its authority to the probation officer by allowing the probation officer to determine what mental health services would be required. We affirm the sentence imposed.

Because Conelly was initially sentenced on February 19, 2004, before the Supreme Court handed down its decision in United States v. Booker, 543 U.S. 220 (2005), Conelly contends that the district court applied the Guidelines as mandatory, rather than advisory, and he asks that we remand for resentencing under a proper view of the Guidelines. At his initial sentencing, Conelly received the exact term of imprisonment to which he had stipulated in his plea agreement, and his sentence was subsequently reduced below the stipulated term. A defendant's explicit and voluntary stipulation to a particular sentence will ordinarily preclude him from challenging the sentence on appeal. United States v. Mickelson, 433 F.3d 1050, 1055-56 (8th Cir. 2006). Moreover, because Conelly did not object on the ground that his sentence violated the Sixth Amendment or on any similar ground, even if we consider his Booker argument we only review the sentence for plain error. See United States v. Pirani, 406 F.3d 543, 550 (8th Cir.), cert. denied, 126 S. Ct. 266 (2005). Under the plain error standard, Conelly would have to show a reasonable probability, based on the appellate record as a whole, that he would have received a more favorable sentence but for the district court's error in applying the guidelines as mandatory. Id. at 552. Conelly argues that the district court might have sentenced him to a lower sentence because he was a drug addict. Nothing in the record suggests that this factor would have caused the district court to disregard the stipulated prison term, and where

the appellant relies only on speculation, he has not shown plain error. Id. at 553. Therefore, Conelly's Booker argument fails.

The conditions of supervised release included a requirement that Conelly "shall attend, successfully complete, and pay for any mental health diagnostic evaluations and treatment or counseling programs as directed by the probation officer." Conelly argues that there was no evidence supporting the imposition of such a condition. Because Conelly did not object to the supervised release conditions in the district court, we review the district court's selection of conditions for plain error. United States v. Ristine, 335 F.3d 692, 694 (8th Cir. 2003). Plain error occurs if the district court errs, the error is clear under current law, and the error affects the defendant's substantial rights. Id.

A sentencing judge may impose conditions on supervised release if (1) the conditions are reasonably related to the sentencing factors identified in 18 U.S.C. § 3553(a); (2) the conditions do not deprive the defendant of liberty to a greater degree than is reasonably necessary; and (3) the conditions are consistent with any relevant policy statements by the Sentencing Commission. Mickelson, 433 F.3d at 1056. One relevant sentencing factor is the need to provide the defendant with necessary medical care or other correctional treatment. 18 U.S.C. § 3553(a)(2)(D). In order to impose a condition of participation in mental health treatment, the district court must have reason to believe the defendant needs such treatment. United States v. Kent, 209 F.3d 1073, 1075-76 (8th Cir. 2000) (citing U.S.S.G. § 5D1.3(d)(5) (1998)). The record here contains such evidence. The presentence investigation report stated that Conelly said he had been sexually abused as a child, that he had remained angry about the abuse, and that he thought the anger had affected his attitude toward people of other races because the abuser was of a different ethnicity from Conelly. The report said Conelly expressed an interest in getting counseling to help him recover from the effects of the sexual abuse. Furthermore, the probation officer recommended in the Sentencing Recommendation that Conelly get mental health counseling because of his

history of having been sexually abused. Conelly's counsel affirmatively stated that he had no objection to the presentence investigation report. There is sufficient evidence to support the district court's inclusion of the counseling requirement.

Conelly also contends that the district court erred in delegating to the probation officer the decision of what mental health treatment would be required. The sentencing judge may delegate limited authority to non-judicial officials as long as the judge retains and exercises the ultimate responsibility. Mickleson, 433 F.3d at 1056. Conelly relies on Kent, where we reversed a district court's delegation of authority to the probation officer to decide whether to require mental health treatment, since the district court's statements suggested the probation officer would "retain and exercise ultimate responsibility over the situation." Kent, 209 F.3d at 1079. More recently, in Mickelson, we held that a district court did not err in imposing a supervised release condition requiring mental health treatment if the defendant's probation officer "deemed it appropriate." Mickelson, 433 F.3d at 1057. We distinguished Kent on the ground that the district court in Kent made statements that "could have been interpreted to vest final authority in the probation office," whereas the district court in Mickelson "gave no indication that it would not retain ultimate authority over all of the conditions of Mickelson's supervised release." 433 F.3d at 1057. Significantly, the objection was preserved in Mickelson and review was therefore more stringent than the plain error review we employ in this case. Here, the district court made no statements indicating it relinquished authority over the conditions of Conelly's supervised release. Accordingly, there was no plain error in including mental health treatment as a condition of Conelly's supervised release.

We affirm the sentence imposed by the district court.

_____