# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2536

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff – Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Christopher Dean Baker, | * | |
| | * | [UNPUBLISHED] |
| Defendant – Appellant. | * | |

_____

Submitted: March 9, 2009
Filed: March 26, 2009

_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Christopher Dean Baker challenges as unreasonable the twelve month sentence the district court[1] imposed upon revocation of his supervised release. In 2002 Baker was convicted of conspiracy to manufacture 50 grams or more of methamphetamine and sentenced to 59 months imprisonment and four years of supervised release. His

_____

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

supervised release was revoked in April 2007 after three positive drug tests and his failure to report for drug testing, and the district court imposed a six month revocation sentence. Within several months after Baker began serving his second term of supervised release on October 16, 2007, he had three positive drug tests, provided two diluted urine samples, and consumed alcohol, all in violation of the terms of his release. As a result, the court modified his term of supervised release on April 30, 2008 and sentenced him to serve 120 days at a residential treatment center. At the center he tested positive for drug use three more times and admitted lying to his probation officer regarding his drug use. Another revocation hearing was held and the district court revoked his supervised release on July 10, 2008.

The district court imposed a twelve month sentence after concluding that community treatment and graduated sanctions had been ineffective at curbing Baker's drug use and that his propensity to lie to his probation officer and his noncompliance with residential treatment center policies indicated that future community treatment options would not work. Baker points out that the advisory guideline range was three to nine months and argues that twelve months is an unreasonable sentence given that his violations were low grade, he was no longer involved with methamphetamine, he had maintained full time employment, and he regularly paid child support.

We review challenges to the reasonableness of a revocation sentence under an abuse of discretion standard. See United States v. Cotton, 399 F.3d 913, 916 (8th Cir. 2005). In addition to the advisory sentencing range, the district court is to consider the factors listed in 18 U.S.C. § 3553(a), such as "deterrence, incapacitation, and rehabilitation; [and] the pertinent circumstances of the individual case." Id. (citations omitted). Appellant bears the burden of showing that the sentence imposed is unreasonable. United States v. Milk, 447 F.3d 593, 603 (8th Cir. 2006).

Baker has not shown that the district court abused its discretion. This was the second time his supervised release was revoked, and the six month sentence imposed

on his first revocation had not deterred him from additional violations. The record indicates that the district court considered the 18 U.S.C. § 3553(a) factors and the cumulative significance of Baker's violations and that it imposed a reasonable sentence under all the circumstances.

Accordingly, the judgment is affirmed.

_____