# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 08-3209/08-3608

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Janis Marie Kreitinger, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 14, 2009
Filed: August 5, 2009

_____

Before RILEY, SMITH, and COLLOTON, Circuit Judges.

_____

SMITH, Circuit Judge.

Janis Marie Kreitinger pleaded guilty to credit card fraud and wire fraud and served her sentence. Following her release from prison and while on supervised release for those offenses, Kreitinger was indicted for, and pleaded guilty to, credit card fraud and aggravated identity theft. The district court[1] sentenced Kreitinger to consecutive 24-month terms on her more recent credit card fraud conviction and her aggravated identity theft conviction, followed by three years of supervised release. As

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

a special condition of supervised release, the court required Kreitinger to complete a substance abuse testing and treatment program. The court also revoked Kreitinger's supervised release and imposed consecutive revocation sentences of 23 months' imprisonment on her original credit card fraud conviction and 35 months' imprisonment on her wire fraud conviction.

On appeal, Kreitinger argues that her sentence is substantively unreasonable and that the substance abuse special condition is unsupported by the record and unrelated to her offenses. We reject Kreitinger's arguments and affirm the judgment of the district court.

## I. *Background*

In August 2002, Kreitinger was indicted for credit card fraud, in violation of 18 U.S.C. § 1029(a)(2), for fraudulently obtaining credit cards in the names of other individuals and using those cards to obtain cash and merchandise. Investigators also located a list of approximately 373 individuals for whom Kreitinger had obtained names, social security numbers, and dates of birth via her employment at APAC Customer Services. In February 2003, Kreitinger was indicted for wire fraud, in violation of 18 U.S.C. §§ 1343 and 3147(1), for opening a customer account and placing an order in the name of another individual while on pretrial release in her credit card fraud case. Kreitinger pleaded guilty to both offenses, and the district court sentenced her to 46 months' imprisonment, followed by five years of supervised release.

Kreitinger was released from prison in August 2006. In October 2006, the district court revoked Kreitinger's supervised release and sentenced her to 30 days' imprisonment, followed by 35 months of supervised release, due to her noncompliant behavior at a residential facility.

After her release from prison and while on supervised release, Kreitinger used the credit card account number of another person to place unauthorized orders of merchandise. In October 2007, Kreitinger pleaded guilty to credit card fraud, in violation of 18 U.S.C. §§ 1029(a)(2), (b)(1), (e)(1), (e)(3), and 2, and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). The United States Probation Office filed a petition to revoke Kreitinger's supervised release based, in part, on her commission of these offenses.

While Kreitinger was detained pending sentencing, she asked at least three people if they would be interested in "running" credit cards with her upon their release from prison. She also reviewed recent obituaries and local telephone books for information that she could use in future credit card schemes. A postal inspector obtained several pages on which Kreitinger had recorded information concerning individuals who had recently died, judicial officials, and current and past probation office employees.

At Kreitinger's revocation of supervised release and sentencing hearing in September 2008, the government moved for an upward departure on Kreitinger's more recent credit card fraud conviction. The district court denied the motion but explained that it would "craft a sentence under 18 U.S.C. [§] 3553(a) on these three cases that" would account for "the seriousness of [Kreitinger's] criminal history, the ongoing nature of her criminal conduct even when locked up . . . , and the very serious likelihood . . . that she will recidivate and continue to engage in these kinds of financial frauds." The court sentenced Kreitinger to 24 months' imprisonment—the top of the Guidelines range—on her more recent credit card fraud conviction and to 24 months' imprisonment—the mandatory sentence pursuant to § 1028A(a)(1)—on her aggravated identify theft conviction, followed by three years of supervised release. As one of the conditions of supervised release, the court ordered that Kreitinger "participate in and successfully complete a program of testing and treatment for substance abuse."

Addressing the petition to revoke Kreitinger's supervised release on her original credit card fraud and wire fraud convictions, the district court noted that the policy statement of U.S.S.G. § 7B1.4(a) recommended revocation sentences of 4 to 10 months' imprisonment. The court revoked Kreitinger's supervised release and imposed the statutory maximum revocation sentences of 23 months' imprisonment on her original credit card fraud conviction and 35 months' imprisonment on her wire fraud conviction.[2] The court ordered all of Kreitinger's sentences to be served consecutively, resulting in a 106-month total sentence.

## II. *Discussion*

On appeal, Kreitinger argues that the district court imposed a substantively unreasonable sentence and erred in requiring her to complete a substance abuse testing and treatment program as a special condition of her supervised release.

### A. *Substantive Unreasonableness*

Kreitinger's primary argument on appeal is that her sentence is substantively unreasonable. "Regardless of whether the sentence imposed is inside or outside the Guidelines range, [we] must review the sentence under an abuse-of-discretion standard." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008).

---

[2]The district court noted that the statutory maximum revocation sentence is two years' imprisonment for credit card fraud, a Class C felony, and three years' imprisonment for wire fraud, a Class B felony, *see* 18 U.S.C. § 3583(e)(3), but Kreitinger received credit for the one-month imprisonment imposed on her prior revocation sentence.

Kreitinger first challenges the reasonableness of her revocation sentences. "We review a revocation sentence under the same 'reasonableness' standard that applies to initial sentencing proceedings . . . ." *United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008) (quoting *United States v. Cotton*, 399 F.3d 913, 916 (8th Cir. 2005)). Kreitinger emphasizes the disparity between her 23-month and 35-month revocation sentences and the 4 to 10 month recommended revocation range of the § 7B1.4(a) policy statement, but we have upheld revocation sentences under similar circumstances. In *United States v. Larison*, for example, the defendant's recommended revocation range was 5 to 11 months' imprisonment, but the district court imposed the statutory maximum revocation sentence of 60 months' imprisonment. 432 F.3d 921, 922, 924 (8th Cir. 2006). We upheld the revocation sentence as reasonable, noting that "[t]he district court expressed grave concern over [the defendant's] numerous and repeated violations of the terms of his supervised release" and that the defendant "persisted in his criminal conduct." *Id.* at 924. We explained that the defendant "was not entitled to any particular sentence within the statutory limit" and that the "the district court . . . [gave] excellent supporting reasons for the revocation sentence." *Id.*

Likewise, in *Cotton*, the defendant's recommended revocation range was 7 to 13 months' imprisonment, but the district court imposed a revocation sentence of 46 months' imprisonment. 399 F.3d at 915. We upheld the revocation sentence as reasonable, noting that the district court had addressed "the statutory sentencing goals" and had emphasized that (1) the defendant "had repeatedly violated the conditions of her supervised release" and (2) "the nature of her violations put her at risk for serious criminal conduct." *Id.* at 916.

Here, the district court acknowledged that the recommended revocation range of the § 7B1.4(a) policy statement was 4 to 10 months' imprisonment for each of Kreitinger's prior convictions before explaining why a more severe sentence was warranted. Specifically, the court emphasized Kreitinger's "serious criminal history of financial frauds" and found that she was "extremely" likely to "recidivate." Like the

district court in *Larison*, 432 F.3d at 924, the court gave "excellent supporting reasons for the revocation sentence." And, as in *Cotton*, 399 F.3d at 916, Kreitinger "repeatedly violated the conditions of her supervised release" and "the nature of her violations put her at risk for serious criminal conduct." Accordingly, Kreitinger's revocation sentences were not unreasonable.

Kreitinger next challenges the reasonableness of her total 106-month sentence, which we interpret as a challenge to the sentences on her more recent credit card fraud conviction and aggravated identity theft conviction and to the consecutive nature of all of her sentences.

Because Kreitinger's 24-month sentence for her more recent credit card fraud conviction was within the Guidelines range, it "is presumptively reasonable on appeal." *United States v. Raplinger*, 555 F.3d 687, 695 (8th Cir. 2009). Furthermore, Kreitinger's 24-month sentence for aggravated identity theft was mandated by statute, *see* 18 U.S.C. § 1028A(a)(1), and "reasonableness review . . . does not apply to statutorily mandated sentences." *United States v. Hawkins*, 548 F.3d 1143, 1150 (8th Cir. 2008). Kreitinger provides no basis for concluding that the sentences on her more recent credit card fraud conviction and aggravated identity theft conviction were unreasonable.

The district court ordered that each of Kreitinger's sentences run consecutively to one another. "'We review a district court's decision to impose a consecutive or concurrent sentence for reasonableness.'" *United States v. McDonald*, 521 F.3d 975, 980 (8th Cir. 2008) (quoting *United States v. Winston*, 456 F.3d 861, 867 (8th Cir. 2006)). "To allow for meaningful appellate review, '[t]he district court must explain its reasoning for imposing a concurrent or consecutive sentence[.]'" *Id.* (quoting *Winston*, 456 F.3d at 867) (alterations in *McDonald*). The district court indicated that Kreitinger's total 106-month sentence accounted for "the seriousness of her criminal history, the ongoing nature of her criminal conduct even when locked up . . . , and the

very serious likelihood . . . that she will recidivate and continue to engage in these kinds of financial frauds." The court adequately explained its reasoning, and its decision to impose consecutive sentences was not unreasonable given Kreitinger's recidivist tendencies.

## B. *Special Condition of Supervised Release*

Kreitinger next argues that the district court erred by imposing a special condition of supervised release that required her to "participate in and successfully complete a program of testing and treatment for substance abuse." Because Kreitinger did not object to the special condition at the district court, we review its imposition for plain error. *United States v. Conelly*, 451 F.3d 942, 944 (8th Cir. 2006). "Plain error occurs if the district court errs, the error is clear under current law, and the error affects the defendant's substantial rights." *Id.* at 944–45.

> A sentencing judge may impose conditions on supervised release if (1) the conditions are reasonably related to the sentencing factors identified in 18 U.S.C. § 3553(a); (2) the conditions do not deprive the defendant of liberty to a greater degree than is reasonably necessary; and (3) the conditions are consistent with any relevant policy statements by the Sentencing Commission.

*Id.* at 945. "We have previously held that sentencing judges are afforded 'wide discretion when imposing terms of supervised release.'" *United States v. Smart*, 472 F.3d 556, 557 (8th Cir. 2006) (quoting *United States v. Behler*, 187 F.3d 772, 778 (8th Cir. 1999)). "Participation in an approved substance abuse program is a discretionary condition that may be imposed '[i]f the court has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol.'" *United States v. Cooper*, 171 F.3d 582, 586 (8th Cir. 1999) (quoting U.S.S.G. § 5D1.3(d)(4)) (alteration in *Cooper*).

Kreitinger contends that the district court erred by imposing the special condition because there is no indication in the record that she has ever abused controlled substances. The government responds that unobjected-to portions of Kreitinger's PSR allege that (1) a psychiatrist at a community mental health center "expressed a concern that [Kreitinger] may have been taking medications prescribed by a large number of doctors and that many of said medications were duplicate prescriptions" and (2) "[r]ecords from the Bureau of Prisons reflect that, during an interaction with [Kreitinger] on January 1, 2005, medical staff classified elements of [her] behavior to be of a drug seeking nature." These suspicions, without more, are a weak basis for the district court's imposition of the special condition. But we cannot conclude on this record that any "error is clear under current law," *Conelly*, 451 F.3d at 945, when reviewed for plain error. *See United States v. Ortega*, 137 Fed. Appx. 84, 86 (9th Cir. 2005) (unpublished memorandum) ("Although the record contains sparse evidence of [the defendant's] history with drugs and alcohol, it is sufficient to justify the district court's imposition of the special conditions under a plain error review. We do not opine as to whether, on the basis of this record, the imposition of these conditions could be sustained under a less deferential standard.").[3]

Kreitinger also contends that the district court erred by imposing the special condition because her offenses were unrelated to controlled substance abuse. But we

---

[3]Kreitinger argues that the government may not rely on these portions of the PSR to defend the special condition. Kreitinger contends that she objected at sentencing to "inaccurate statements" in the PSR regarding her mental health condition and physical condition, and that the district court stated it was "not going to rely on those portions in any way." Under a plain error standard of review, however, we conclude that Kreitinger's objection was not clear enough to preclude the district court's reliance on these paragraphs for the purpose of imposing a special condition. Kreitinger's stated concern at sentencing was that discrepancies between the PSR and her medical records would be used to support a finding that she was "dishonest." That concern is not implicated by the district court's imposition of the special condition.

have rejected the requirement that a special condition be related to a defendant's offenses, noting that "'[o]ur prior case law limits the district court's discretion only insofar as the court imposes limitations on the basis of pure speculation or assumptions unrelated to the rehabilitative process.'" *United States v. Crose*, 284 F.3d 911, 913 (8th Cir. 2002) (quoting *Behler*, 187 F.3d at 779).

Because any error on the part of the district court in imposing the special condition is not "clear under current law" and because there is no requirement that a special condition be related to a defendant's offenses, we conclude that the district court did not commit plain error in requiring Kreitinger to complete a substance abuse testing and treatment program as a condition of supervised release.

III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____