# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1634

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   District of South Dakota. |
| Wesley Running Shield, | * |
| | *   [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: December 17, 2009
Filed: May 28, 2010

_____

Before BYE, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

After the district court revoked Wesley Running Shield's supervised release for the second time in less than two years, the court[1] sentenced him to thirty-six months in prison with no further supervised release. The sentence exceeded the advisory guideline range of eight to fourteen months' imprisonment. Running Shield complains that the district court committed procedural error, and that the sentence is substantively unreasonable. We affirm.

_____

[1]The Honorable Andrew W. Bogue, late a United States District Judge for the District of South Dakota.

In July 2005, Running Shield pleaded guilty in the district court to first degree burglary, in violation of 18 U.S.C. §§ 1153 and 2, and South Dakota Codified Laws § 22-32-1(3). The district court sentenced him to twenty-seven months in prison and four years of supervised release. Running Shield commenced supervised release in April 2007, but failed to reside in a community corrections facility as required. In July 2007, the district court revoked the release and imposed a new sentence of eleven months in prison followed by thirty-six months of supervised release. Running Shield began a second term of supervised release in May 2008, but again violated the conditions of the release, this time by failing to reside in a community corrections facility, absconding from a drug and alcohol treatment center, consuming alcohol, and assaulting a police officer.

At a revocation hearing on January 26, 2009, Running Shield admitted that he violated three conditions of supervised release. He asked the district court to consider sentencing him to no more than fourteen months in prison, the high end of the advisory guideline range. The government recommended a sentence of at least twenty-four months. The district court, which had presided over Running Shield's initial sentencing and first revocation hearing, imposed a statutory maximum sentence of thirty-six months in prison, with no supervised release.

Running Shield argues that the district court committed procedural error by neglecting to consider relevant sentencing factors and failing to provide an adequate justification for the sentence. He also contends that the court imposed an unreasonable sentence.

Running Shield raised no procedural objection at sentencing, so we review only for plain error, and we find none. We are satisfied that the district court was aware of the relevant sentencing factors under 18 U.S.C. § 3553(a), and that the court considered them. At the revocation hearing, the district court referred to the need to deter Running Shield's criminal conduct and to protect the public from his further

crimes. *See* § 3553(a)(2)(B)-(C); *United States v. White Face*, 383 F.3d 733, 740 (8th Cir. 2004) (noting that if the court "references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the relevant statute") (internal quotation omitted). The district court, having imposed Running Shield's initial sentence and revoked his supervised release once before, was aware of his history and characteristics. *See United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005). The district court likewise knew about the seriousness of Running Shield's repeated violations, *see* § 3553(a)(2)(A), and his failure to seek sustained substance abuse treatment while on supervised release. *See* § 3553(a)(2)(D). An express listing and discussion of each § 3553(a) consideration is not required, particularly when there is no objection or request for elaboration.

Under a deferential abuse-of-discretion standard, we also conclude that the sentence is not substantively unreasonable. The district court has wide latitude in choosing an appropriate sentence within the statutory range, *see United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc), and there were aggravating circumstances in Running Shield's case that reasonably justified the statutory maximum term of imprisonment. The district court did not abuse its discretion. *See United States v. Larison*, 432 F.3d 921, 924 (8th Cir. 2006) (holding that, where the advisory guideline range was five to eleven months' imprisonment upon revocation of supervised release, a sixty-month sentence was not unreasonable in light of defendant's repeated violations); *United States v. Cotton*, 399 F.3d 913, 916-17 (8th Cir. 2005) (affirming a forty-six month sentence for continued violations where the advisory range was seven to thirteen months).

The judgment of the district court is affirmed.

_____