GRUENDER, Circuit Judge,
dissenting.
I respectfully dissent. While I agree that the district court should have made express individualized findings in support of the special conditions imposed, “[rjever-sal is not required by a lack of individualized findings if the basis for the imposed condition can be discerned from the record.” United States v. Smith, 655 F.3d 839, 845 (8th Cir.2011). The record here amply supports the imposition of the special conditions of supervised release imposed by the district court.
In particular, Paragraph 19 of the Presentence Investigation Report (“PSR”) stated that the child pornography possessed by Walker “involved a prepubescent minor or a minor who had not attained the age of 12 years,” while Paragraph 20 stated that the child pornography possessed by Walker “portrays sadistic or masochistic conduct or other depictions of violence.” The district court specifically questioned Walker’s counsel about both of those paragraphs early in the sentencing hearing, and Walker’s counsel confirmed that objections to those paragraphs had been withdrawn. In light of the uncontested facts in the PSR, it certainly was not plain error to impose special conditions requiring sex-offender treatment, see, e.g., United States v. Conelly, 451 F.3d 942, 945 (8th Cir.2006) (stating that a district court merely needs to have a reason to believe the defendant needs mental health treatment in order to impose a such a condition), and prohibiting contact with minors and entering areas where children congregate, absent approval of the probation office, see, e.g., United States v. Wiedower, 634 F.3d 490, 498 *548 (8th Cir.2011) (affirming a similar prohibition where “the images the government found involved the sexual abuse of preteen minors”).
In addition, because the PSR also stated without objection that Walker made child pornography available over the internet via a peer-to-peer file sharing network, it was not an abuse of discretion to prohibit the use of computers and other means of internet access absent approval of the probation office. The absence of a specific finding that Walker had knowledge of the potential for distribution, noted by the Court ante at 546-47, does not change the analysis. For example, in United States v. Durham, 618 F.3d 921 (8th Cir.2010), the defendant contended that he had not understood that the child pornography in his peer-to-peer file sharing folder was accessible to others over the internet, and the record evidence indicated that the defendant was not a sophisticated user of such systems. Id. at 928-29. While we found that the record did not support a guidelines sentencing enhancement for distribution of child pornography, id. at 932, we nevertheless held that a special condition of supervised release prohibiting internet access, subject to approval by the probation office, imposed no “greater deprivation of liberty than is reasonably necessary under the circumstances,” id. at 945, due to the defendant’s history of enabling the distribution of such images:
Even if one believes that the enhancement [for distribution] should not have been applied due to [the defendant’s] alleged ignorance, it is still beyond dispute that at least 59 files containing known or suspected depictions of child pornography were posted on [a peer-to-peer file sharing network] — and therefore made accessible to the public — by a computer user whose Internet Protocol address was traced back to [the defendant’s] home.
Our precedents in this area establish that district courts may impose more restrictive conditions where, as here, a defendant’s offense involved distribution of child pornography.
Id. at 944-45 (Gruender, J., announcing the decision of the Court in part). As in Durham, even in the absence of a finding regarding knowledge of the capacity for distribution, the record shows that Walker’s “offense involved distribution of child pornography” for purposes of the special condition. Id. at 945. As a result, the prohibition on computer and internet usage in the instant case was not an abuse of discretion.
Finally, to the extent the Court implies that the district court somehow delegated its authority to the Government to evaluate whether the special conditions were appropriate, ante at 546-47, this is an unreasonable reading of the record. After the district court referred early in the sentencing hearing to the PSR paragraphs regarding prepubescent minors, sadism, and masochism, a more reasonable reading is that the district court saw a need, based on . the record, to protect the public by imposing the strictest special conditions of supervised release available under prevailing Eighth Circuit law. While the district court should have referred back to the relevant portions of the record when it imposed the special conditions, it did not err by asking the Government to comment on whether the conditions chosen would survive appellate review.
Because the record supports the special conditions imposed by the district court, I respectfully dissent.