# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-3695

_____

United States of America

*Appellee*

v.

Latasha Dortch

*Appellant*

_____

Appeal from United States District Court
for the District of Nebraska

_____

Submitted: May 13, 2013
Filed: May 24, 2013
[Unpublished]

_____

Before SHEPHERD, ARNOLD, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Latasha Dortch admitted that by driving while intoxicated and having contact with a person involved in criminal activity, she violated the terms of the supervised

release that the district court[1] imposed as part of her sentence for conspiring to possess and distribute crack cocaine, *see* 21 U.S.C. § 841(a)(1), (b)(1), 846, and making a false statement to a federal agent, *see* 18 U.S.C. § 1001(a)(2). The district court determined that the sentencing guidelines classified Ms. Dortch's most serious violation as Grade C, *see* U.S.S.G. § 7B1.1, and recommended a range of 4 to 10 months' incarceration for her violations, *see* U.S.S.G. § 7B1.4. After the court sentenced her to 48 months' imprisonment, Ms. Dortch appealed, asserting that her sentence was unreasonable because the court "did clearly not consider" the matters set out in 18 U.S.C. § 3553(a) in fixing her sentence.

We review the reasonableness of a sentence imposed upon revocation of supervised release under the same "deferential abuse-of-discretion standard" that we use to review the reasonableness of an initial sentence. *See United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008). A sentence is unreasonable if the district court "fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing" the sentencing factors in § 3553(a). *See United States v. Kreitinger*, 576 F.3d 500, 503 (8th Cir. 2009) (quoting *United States v. Miner*, 544 F.3d 930, 932 (8th Cir.2008)); *see also* 18 U.S.C. § 3583(e). "Evidence that the district court was aware of the relevant § 3553(a) factors required to be considered is sufficient" to assure us that the court considered those factors. *United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005).

In this case, the district judge, who had presided over Ms. Dortch's initial proceedings, *see United States v. Miller*, 557 F.3d 910, 918 (8th Cir. 2009), referred specifically to the "well-reasoned recommendation" prepared by the probation office, which considered several of the § 3553(a) factors in discussing Ms. Dortch's poor

---

[1]The Honorable Laurie Smith Camp, Chief United States District Judge for the District of Nebraska.

record under supervised release and recommended a 60-month term of imprisonment. We note too that Ms. Dortch had received a significant downward departure on her initial sentence, a matter to which the district court alluded at the sentencing hearing, and that "[w]here the original sentence was the result of a downward departure ... that resulted in a sentence below the guideline range applicable to the defendant's underlying conduct, an upward departure may be warranted" if the defendant's subsequent misconduct results in revocation of supervised release. *See* U.S.S.G. § 7B1.4, comment. (n. 4). Because the record reveals that the district court properly considered the relevant sentencing factors, we discern no abuse of discretion here.

Affirmed.

_____