# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-3577
_____

United States of America

*Plaintiff - Appellee*

v.

Michael Scott Boyles

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: June 9, 2014
Filed: June 26, 2014
[Unpublished]

_____

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After serving a fifteen-year sentence for being a felon in possession of a firearm with three prior violent felony convictions, Michael Scott Boyles began a three-year term of supervised release in October 2012. Supervised release was revoked in May 2013 after Boyles was convicted in state court of violating a no-contact order. The

district court[1] sentenced Boyles to two months custody followed by the remaining term of supervised release and imposed an additional special condition that Boyles reside in a residential reentry center for four to six months. Boyles was released from custody in June 2013 and began his stay at a Volunteers of America residential reentry center in the Twin Cities. His probation officer again petitioned for revocation of supervised release in November 2013, alleging that Boyles violated a standard condition and a special condition when he left the VOA center without permission in September.

At the revocation hearing, Boyles admitted the two Grade C supervised release violations. Defense counsel and Boyles urged the court to impose a revocation sentence of eleven months in custody, the middle of the advisory guidelines range, see U.S.S.G. § 7B1.4(a), to be followed by additional supervised release. The government urged the court to impose "a substantial period of incarceration and no supervision to follow," noting that Boyles had absconded from the reentry center and spent four days with his wife after his probation officer refused to give him permission to do that. After observing "that you don't do well on supervision," the district court imposed a revocation sentence of 20 months in prison with no supervision to follow. The court explained that it had considered the relevant sentencing factors, and in particular, "the defendant's history of violence and his history of noncompliance with the probation officer."

Boyles appeals, arguing the revocation sentence is substantively unreasonable because the district court imposed a substantial upward variance for relatively minor violations that Boyles committed because "Mrs. Boyles unrelentingly begged her husband to come home and help her." A lengthy prison sentence followed by no

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

supervision is unreasonable, he argues, because "it is supervised release, rather than incarceration, which helps serve goals such as treatment and rehabilitation."

"We review a revocation sentence under the same 'reasonableness' standard that applies to initial sentencing proceedings." United States v. Kreitinger, 576 F.3d 500, 503-04 (8th Cir. 2009) (quotation omitted). Here, the district court carefully considered the reasons urged by Boyles for imposing a lesser prison sentence but concluded that his violent criminal history and repeated failures to comply with the requirements of supervised release warranted a prison sentence near the statutory maximum (22 months), with no supervision to follow. As in United States v. Benton, 627 F.3d 1051, 1056 (8th Cir. 2010), "the district court gave consideration to the appropriate factors, sufficiently explained its reasoning, and acted well within its broad discretion in formulating [Boyles's revocation] sentence." The sentence is not substantively unreasonable.

The judgment of the district court dated November 21, 2013 is affirmed.

_____