# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1217
_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Glass

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: June 9, 2020
Filed: June 12, 2020
[Unpublished]
_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.
_____

PER CURIAM.

Anthony Glass appeals the sentence the district court[1] imposed upon revoking his supervised release. His counsel has moved for leave to withdraw, and has filed

_____

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

a brief, in which counsel argues that the district court failed to properly consider the factors set forth in 18 U.S.C. § 3553(a) and improperly imposed a special condition of supervised release recommending that Glass participate in a residential treatment program.

After careful review of the record, we conclude that the district court did not err in sentencing Glass. The record reflects that the district court adequately considered the factors set forth in section 3553(a), see United States v. Gray, 533 F.3d 942, 943, 945-46 (8th Cir. 2008); there is no indication that the district court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing relevant factors, see United States v. Miller, 557 F.3d 910, 915-16, 917 (8th Cir. 2009); and the sentence is within the advisory sentencing guideline range, see United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008), and below the statutory maximum, see 18 U.S.C. § 3583(e)(3), (h); 21 U.S.C. § 841(b)(1)(C).

We further conclude that the district court did not plainly err in imposing the unobjected-to special condition of supervised release recommending that Glass participate in residential treatment, see United States v. Winston, 850 F.3d 377, 379-80 (8th Cir. 2017) (standard of review), as any error was not clear or obvious under current law, see United States v. Conelly, 451 F.3d 942, 945 (8th Cir. 2006); see also United States v. Demery, 674 F.3d 776, 783 (8th Cir. 2011).

Accordingly, we grant counsel's motion to withdraw, and affirm the judgment.

_____