# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1755

_____

United States

*Plaintiff - Appellee*

v.

Montrivel Deon Woods

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: May 10, 2021
Filed: June 24, 2021
[Unpublished]

_____

Before SMITH, Chief Judge, SHEPHERD, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Montrivel Woods appeals the sentence imposed upon him after his second term of supervised release was revoked, contending that the district court[1] imposed a substantively unreasonable sentence. Having jurisdiction pursuant to 28 U.S.C. § 1291 and finding no error, we affirm.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

In 2007, Woods was convicted of conspiracy to distribute cocaine base and was sentenced to 248 months imprisonment followed by 8 years supervised release. Woods began serving his initial term of supervised release in 2015; however, in April 2017 the district court revoked his supervised release for violations of its terms, including a new law violation and association with a felon or person engaged in criminal activity. The district court sentenced Woods to eight months imprisonment to be followed by five years supervised release. Woods began serving this second term of supervised release in December 2017.

In April 2020, the district court revoked Woods's second term of supervised release. The district court found that Woods violated conditions of his supervised release by: (1) failing to participate in required substance abuse testing; (2) committing a Grade C new law violation by participating in an assault in the violent beating of an individual outside a Cedar Rapids, Iowa club; (3) communicating or interacting with felons or persons engaged in criminal activity in that Woods's accomplices in the assault were felons; and (4) failing to truthfully answer inquiries of his probation officer with respect to Woods's questioning by law enforcement following the assault. The United States Sentencing Guidelines advisory sentencing range was 8 to 14 months. The district court sentenced Woods to an above-Guidelines-range sentence of 24 months imprisonment with no supervised release to follow.

Woods contends that his sentence is substantively unreasonable because the district court "failed to consider highly mitigating factors that should have received substantial weight," namely "Woods's substantial successes and achievements during his supervised release." Specifically, Woods points out that he was discharged early from a residential facility at the urging of his probation officer; had successfully completed substance abuse treatment and alcohol testing; had a strong employment history; and was holding two jobs, one of which he had held since 2015.

"We review the reasonableness of [a] revocation sentence for abuse of discretion." United States v. Asalati, 615 F.3d 1001, 1006 (8th Cir. 2010). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factors, or considers the appropriate factor but commits a clear error of judgment in weighing those factors." United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009) (citation omitted); see also 18 U.S.C. § 3583(e) ("The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release . . . ."). "In conducting this review, we are to 'take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). However, it is "the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." Id. at 464 (quoting United States v. Gardellini, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

The record reflects that the district court heard and specifically considered argument by Woods's attorney that a sentence at the bottom of the Guidelines range was appropriate in which counsel mentioned each of the "mitigating" factors which Woods now contends the district court failed to consider. See United States v. Wilcox, 666 F.3d 1154, 1157 (8th Cir. 2012) (stating that, where the defendant presents arguments about his mitigating factors at sentencing, an appellate court may presume that the district court considered and rejected those factors). Further, the district court stated that it was considering "the uncontested portions of the presentence investigation report," and the report recounts that Woods completed substance abuse treatment and remote alcohol testing, was discharged early from a residential facility, and was maintaining employment with two employers at the time of his arrest.

In short, the record belies Woods's contention that the district court failed to consider the mitigating factors he identifies in this appeal, and the district court acted within its discretion in giving greater weight to some factors and less weight to those urged by Woods and imposing an upward variance. United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012) (reviewing upward variance for abuse of discretion). "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). Ultimately, the district court was entitled to give more weight to certain factors including the seriousness of Woods's criminal conduct in this case, the facts and circumstances of that conduct, his criminal history, his lack of respect for authority, the high risk of recidivism, and the need for deterrence. See 18 U.S.C. §§ 3583(e), 3553(a)(1), 3553(a)(2)(B)-(D). Moreover, the district court acknowledged that it was imposing an above-Guidelines-range sentence but concluded it was fully "supported by the facts and circumstances" of this case. We agree.

Finding no abuse of discretion, we affirm the judgment of the district court.
_____