# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1095
_____

United States of America

*Plaintiff - Appellee*

v.

Edinton Grugbay Wright

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: November 18, 2024
Filed: February 7, 2025
[Unpublished]

_____

Before SHEPHERD, ARNOLD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

After finding Edinton Wright violated terms of his supervised release, the district court[1] sentenced him to a 24-month term of imprisonment to be followed by 6 months of supervised release. On appeal, Wright challenges the district court's

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

determination that he violated Iowa law by interfering with official acts. He also contends his sentence is substantively unreasonable. We affirm.

During the early morning hours of October 21, 2023, Cedar Rapids police officers saw a black SUV driving without license plates. When the officers attempted a stop, the SUV abruptly turned and pulled into the yard of a nearby residence. The two occupants fled in different directions. The officer pursuing Wright noticed that Wright kept his right hand pinned to his waistband, which the officer interpreted as evidence that the fleeing person was holding an unholstered gun. The officer deployed his taser when Wright failed to comply with his command to stop. Although the taser missed him, Wright surrendered. Meanwhile, a second officer retraced Wright's steps and found a loaded Smith & Wesson 9mm handgun as well as a wallet containing Wright's identification.

Wright's probation officer filed a supplemental petition to revoke his supervised release, alleging Wright committed three new law violations (speeding, failing to maintain control of a vehicle, and interfering with official acts), failed to participate in substance abuse testing, refused to comply with mental health treatment, and had associated with a felon or person engaged in criminal activity. Except for interfering with official acts and associating with a felon, Wright admitted to the other violations.

During the hearing, Wright admitted that he fled from the police but denied that he lost his wallet while fleeing. The bodycam footage was consistent with the officer's testimony. It showed that while Wright was fleeing, he held his hand near his waist, and that a wallet containing Wright's identification and a loaded firearm were recovered along Wright's path of flight. The district court found that Wright had violated Iowa law when he fled from police during a lawful traffic stop, and that Wright had made false statements when he claimed that his wallet was in his back pocket at the time of his arrest.

The district court revoked Wright's supervised release and sentenced him to a statutory maximum 24-month term of imprisonment. In imposing the sentence, the court noted Wright's repeated violations of supervised release conditions, his dangerous conduct, his lack of candor with the court, and the risk his actions posed to the community and law enforcement.

We review the district court's factual findings for clear error and its decision to revoke supervised release for abuse of discretion. United States v. Miller, 557 F.3d 910, 914 (8th Cir. 2009). A finding is clearly erroneous if we are firmly convinced the court made a mistake. United States v. Patterson, 68 F.4th 402, 413 (8th Cir. 2023).

Wright admitted that he fled from officers attempting to conduct a traffic stop. Iowa law makes it a crime to flee from a uniformed officer who is attempting a lawful stop. See Iowa Code § 719.1(1); State v. Legg, 633 N.W.2d 763, 771–72 (Iowa 2001). The district court made no error, clear or otherwise, when it found that Wright violated Iowa Code § 719.1(1).

Wright also claims his 24-month sentence (an upward variance from the applicable Guidelines range of 3 - 9 months) is substantively unreasonable. We review a revocation sentence under the same deferential abuse of discretion standard that applies to initial sentencing proceedings. See United States v. Kreitinger, 576 F.3d 500, 503–04 (8th Cir. 2009). A court abuses its discretion if it gives significant weight to an improper factor, ignores a relevant one, or commits a clear error of judgment. Miller, 557 F.3d at 917.

In cases involving numerous and repeated violations of supervised release conditions, this Court has upheld statutory maximum revocation sentences. See Kreitinger, 576 F.3d at 504. As in those cases, the district court adequately explained why a more severe sentence was warranted in Wright's case. The court noted Wright's repeated supervised release violations, dangerous conduct, the risk he posed to the officers and public when he fled police while carrying a loaded firearm,

and his lack of candor during the proceedings.  Each of the district court's findings are well-supported by the evidence in the record.  Although Wright asserts the court improperly considered uncharged conduct, such conduct may be considered if it is proven by a preponderance of the evidence, as it was here.  <u>See</u> <u>United States v. Ross</u>, 29 F.4th 1003, 1008 n.2 (8th Cir. 2022).  The court did not abuse its sentencing discretion, nor did it impose a substantively unreasonable sentence.

The district court's judgment is affirmed.

_____