# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1038

_____

United States of America,          *
                                         *   Appeal from the United States
           Plaintiff - Appellee,     *   District Court for the
                                         *   Northern District of Iowa.
        v.                      *
                                       *       [PUBLISHED]
Clinton Young,                *
                                       *
          Defendant - Appellant.   *

_____

Submitted: May 19, 2011
Filed: May 31, 2011

_____

Before MURPHY, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Clinton Young's supervised release was revoked when he failed to comply with a condition prohibiting him from consuming alcohol. The district court[1] sentenced Young to 8 months in prison, the middle of his advisory guideline range. Young argues that the district court committed procedural error and imposed a substantively unreasonable sentence. We affirm.

---

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

In July 2007 Young pled guilty to being a felon in possession of a firearm. His underlying felonies included two convictions for driving while intoxicated. In total, Young had previously been convicted of driving while intoxicated four times, public intoxication four times, as well as several other crimes. In October 2009 he was released from prison and began serving three years on supervised release. Among the conditions the district court imposed was a prohibition from using alcohol and a requirement to participate in a remote alcohol testing program called VICAP.

In July 2010 probation officers conducted an unannounced visit at Young's home. Before entering, they observed Young remove a bottle of alcohol from the kitchen table. They also saw two open beer cans as they went in. Young initially lied about his alcohol consumption, but eventually admitted to drinking "half of a beer." He stated that if he "want[ed] to have a beer," then he was "going to goddamn do so."

Though Young successfully completed outpatient substance abuse treatment in September 2010, he failed to provide a breath sample for VICAP in October. According to the probation office, Young had not been tested because of his profanity and his lack of cooperation with VICAP operators. In October and early November 2010, Young failed to provide a breath sample for VICAP on seven different occasions. In response the district court modified Young's conditions of supervised release to include two consecutive weekends in jail. Nevertheless, Young failed to provide another breath sample in late November and tested positive for alcohol in early December. Young initially denied consuming alcohol, but later admitted it.

The government petitioned to revoke Young's supervised release in December 2010. Young admitted to violating his supervised release conditions, and the parties agreed that the applicable guideline range was 5 to 11 months. Young argued, however, that revocation of his supervised release was not required under applicable sentencing guidelines because his failure to comply with the alcohol conditions was only a Grade C Violation. See U.S.S.G. § 7B1.4(a). He also contended that he had

successfully integrated into the community by maintaining steady employment, a stable residence, and by failing to violate the law.

The district court sentenced Young to 8 months in prison. It rejected his argument that because he had satisfied the goals of supervised release he should not be given jail time. In its view Young was "a person with an alcohol problem who, until about 5 minutes ago, has lied to his probation officer, refused to comply with VICAP, even to the point of using profanity and failing to cooperate." The court expressed concern about his history of alcohol related crimes and the inefficacy of less restrictive sanctions such as outpatient treatment and modification of his supervised release. The court concluded: "I have no faith that, were I to leave him out in the community, that he would suddenly become compliant and do what he is supposed to do, because that is not his history with this court."

On appeal, we review a revocation sentence under the same "deferential abuse-of-discretion" standard that applies to initial sentencing proceedings, considering both the "procedural soundness of the district court's decision and the substantive reasonableness of the sentence imposed." United States v. Thunder, 553 F.3d 605, 607 (8th Cir. 2009). A district court need not "mechanically list every § 3553(a) consideration when sentencing a defendant upon revocation of supervised release;" evidence "that the district court was aware of the relevant § 3553(a) factors" is sufficient, and this evidence can be inferred from the record. Id. at 608.

Young first argues that the district court committed procedural error by failing to explain "how revocation and incarceration for 8 months furthered the goals of supervised release," especially given his "stable employment, stable living arrangement, and absence of any criminal conduct." Contrary to Young's assertions, however, the district court did not "ignore[] the useful things that had been accomplished on supervised release." Rather, it simply gave more weight to the ample evidence of Young's failure to comply with the alcohol conditions, his failure

-3-

to tell the truth to the probation officer, and the previously futile efforts to get Young to abstain from alcohol using less stringent consequences. Just as in Thunder, the court's discussion more than adequately reflects the § 3553(a) factors. See id. at 608. We also agree with the government that the district court must explain only why it imposed the sentence it did, not why it did not impose some other sentence. See Gall v. United States, 552 U.S. 38, 50 (2007). The district court did not commit procedural error.

Young also argues that his 8 month sentence is substantively unreasonable because the goals of supervised release could have been achieved without sending him to prison. Specifically, Young argues that his good work ethic, stable home, and attention to his medical needs make this case much different than cases in which we have upheld revocation sentences against claims of substantive unreasonableness. Compare Thunder, 553 F.3d at 607; United States v. Bear Robe, 521 F.3d 909, 910 (8th Cir. 2008); United Sates v. Merrival, 521 F.3d 889, 890–91 (8th Cir. 2008).

We disagree. The district court did not abuse its discretion in imposing a sentence in the middle of Young's advisory guideline range. It certainly could have selected a more lenient sentence, but given Young's numerous previous failures to comply with the supervised release conditions and the fact that the modification of his supervised release had not produced compliance, it was well within the court's discretion to impose a middle of the range sentence. See Thunder, 553 F.3d at 609; Merrival, 521 F.3d at 891.

Accordingly, the judgment of the district court is affirmed.

_____