# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3331

_____

United States of America

*Plaintiff - Appellee*

v.

Craig Michael Burns

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: April 3, 2017
Filed: June 21, 2017
[Unpublished]

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

In January 2001, the district court[1] sentenced Craig Burns to 168 months' imprisonment and three years' supervised release following his guilty plea and

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

conviction on three counts: unlawful manufacture of a firearm, conspiracy against rights, and interstate transportation of a stolen vehicle. Burns' three-year term of supervised release began October 16, 2014. Prior to the instant modification hearing, Burns' conditions of supervised released were twice modified following hearings on July 27, 2015, and May 12, 2016. On July 28, 2016, the district court[2] held a third revocation hearing that is the subject of the instant litigation. At the hearing, the district court addressed multiple alleged violations, including (1) threatening others, (2) failure to secure and maintain employment, (3) disobeying a lawful directive/order, (4) multiple instances of being out of place of assignment, (5) false statements, (6) threatening another employee at work, and (7) refusing to sign in for mental-health treatments. Following the hearing, the district court revoked Burns' supervised release and sentenced Burns to 12 months' imprisonment followed by one year of supervised release. Burns appeals, arguing the district court abused its discretion by revoking his supervised release and sentencing him to imprisonment. He claims the court procedurally erred by failing to articulate the reasons for the prison sentence, and that the resulting sentence is substantively unreasonable. We affirm.

"A district court may 'revoke supervised release if the government proves by a preponderance of the evidence that the defendant violated a condition of supervised release.'" United States v. Petersen, 848 F.3d 1153, 1156 (8th Cir. 2017) (quoting United States v. Boyd, 792 F.3d 916, 919 (8th Cir. 2015)). "We review such a revocation decision for abuse of discretion, and we review any findings of fact as to whether or not a violation occurred for clear error." Id. We will reverse a revocation determination only if we have "a definite and firm conviction that the District Court was mistaken." Id. (quoting Boyd, 792 F.3d at 919). Applying an abuse-of-discretion standard, we consider both the procedural soundness of the district court's decision

[2]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

-2-

as well as the substantive reasonableness of the sentence imposed, both of which Burns challenges in this action. United States v. White, 840 F.3d 550, 552 (8th Cir. 2016).

Burns argues the district court erred by failing to articulate the reasons for his prison sentence upon revocation; that the court stated that it considered the applicable § 3553(a) factors but did not specifically state which ones and only offered a "general" admonition of Burns' failure to comply with particular rules. This characterization of the district court's colloquy, however, is not accurate. At the revocation hearing, the district court noted the serious nature of the underlying criminal offenses; discussed with Burns his repeated inability to comply with the requirements of his supervised release; reviewed with Burns the violations that had previously been brought to the court's attention and the outcomes of those modification hearings; and reviewed the instant violations with the aid of witness testimony and record evidence. While it is true, as Burns points out, that these release infractions *could* have supported a determination of continued or only modified supervision, the district court was aware of its discretion but did not choose those options.

In arriving at its determination regarding revocation, the district court is not required to "mechanically list every § 3553(a) consideration when sentencing a defendant upon revocation of supervised release." United States v. Petreikis, 551 F.3d 822, 824-25 (8th Cir. 2009) (quoting United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004)). As noted, a review of the record reveals that the district court explained the unique circumstances at play in its decision to impose a prison term for Burns, especially focusing on Burns' previous proclamations that he would comply with the terms of his release, his repeated failure to do so, and his inability to take responsibility for his actions. The court was clearly aware of the § 3553(a) factors and appropriately considered these factors in light of the facts presented, as revealed in the record. United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005)

-3-

("[E]vidence that the district court was aware of the relevant § 3553(a) factors required to be considered" is sufficient, and this evidence "can be inferred from the record.").  On this record, the district court did not procedurally err.

Next Burns argues that the district court's imposition of a 12-month sentence was substantively unreasonable, claiming that it is a "lengthy sentence at the high end of the [G]uidelines range."  The suggested Guidelines range was 8 to 14 months' imprisonment.  "A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." United States v. Valure, 835 F.3d 789, 791 (8th Cir. 2016) (quoting United States v. Robinson, 516 F.3d 716, 717 (8th Cir. 2008)).

Burns argues that his revocation is based upon an accumulation of mere technical violations and the court gave little or no weight to Burns' alleged inability to comply with the "highly detailed administrative rules of his supervised release," which Burns argues is attributable to his brain injury.  However, the court appropriately weighed the relevant factors in this case.  Although the court may have been thwarted in more fully evaluating defendant's mental health given Burns' refusal to sign the appropriate releases and his own repeated denials that he needed mental health treatment, the claim that the court failed to give full consideration to his mental health is not supported by the record.  The pervasive and habitual nature of Burns' release violations, and his repeated failings despite the good-faith efforts of the court and probation office, led to the imprisonment imposed in this instance. United States v. Melton, 666 F.3d 513, 516-17 (8th Cir. 2012) (reviewing similar violations as supporting factors in revocation hearings).  The district court did not abuse its discretion.

For the reasons stated herein, we affirm.

_____