# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1130

_____

United States of America

*Plaintiff - Appellee*

v.

Willard Paul Farrell, III

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen

_____

Submitted: March 12, 2018
Filed: April 26, 2018
[Unpublished]

_____

Before GRUENDER, BEAM, and KELLY, Circuit Judges.

_____

PER CURIAM.

This case concerns the district court's[1] second revocation of Willard Farrell's supervised release. In 2013, Farrell pleaded guilty to domestic assault by an habitual

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

offender, *see* 18 U.S.C. § 117, and was sentenced to 33 months' imprisonment and 36 months' supervised release. The district court first revoked Farrell's supervised release in 2015 and sentenced him to 3 months' imprisonment and 24 months' supervised release. In 2016, while serving his second term of supervised release, Farrell admitted to two Grade C violations: (1) removing his drug-testing patch without approval and (2) absconding from his residential reentry center. These violations resulted in a sentencing guidelines range of 3-9 months' imprisonment. The district court sentenced him to 24 months' imprisonment and 9 months' supervised release, and Farrell argues that the 24-month term of imprisonment is substantively unreasonable.

We review his revocation sentence "under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings." *See United States v. Young*, 640 F.3d 846, 848 (8th Cir. 2011) (per curiam) (internal quotation marks omitted). Farrell argues that the district court abused its discretion by insufficiently considering mitigating factors such as his drug addiction, his support system, and his acceptance of responsibility and remorse. He also argues that the district court placed undue emphasis on factors such as his "minor" non-violation misconduct, his underlying conviction and prior revocation, and the inconvenience caused by his absconding from his reentry center. This deficient weighing of the sentencing factors, according to Farrell, resulted in a substantively unreasonable sentence.

Yet "it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable," *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc), and this is not such a case. Before imposing the sentence, the district court surveyed Farrell's many instances of misconduct and concluded that he "has made virtually no attempts to comply" with the district court's prior orders. It noted the leniency of Farrell's prior sentences and his repeated violations of supervised

release.  *See United States v. Abrica-Sanchez*, 808 F.3d 330, 335 (8th Cir. 2015) (considering prior leniency in imposing a sentence).  The district court also specifically addressed Farrell's support system, stating:  "I recognize that he has a lot of family and friend support, which is certainly good . . . .  But he is the one that I'm dealing with, and that U.S. Probation has attempted to deal with, with no success." Nothing suggests that the district court failed to consider Farrell's other purported mitigating factors.  *See United States v. Johnson*, 619 F.3d 910, 922 (8th Cir. 2010) (noting that we can "presume that the district court considered and rejected" sentencing arguments made by defendant).  That Farrell disagrees with the district court's weighing of the factors does not show an abuse of discretion.

Because Farrell has offered no persuasive basis for finding an abuse of discretion, we affirm.

_____