# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 17-1962

———————————————

United States of America

*Plaintiff - Appellee*

v.

Kevin Green

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota

——————————

Submitted: May 18, 2018
Filed: August 24, 2018
[Unpublished]

——————————

Before SHEPHERD, KELLY, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Kevin Green challenges the district court's[1] sentence of 18 months of imprisonment after he committed multiple violations of his supervised release. On

———————————————

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

appeal, Green argues the district court abused its discretion by imposing a sentence four months above the advisory range of the U.S. Sentencing Guidelines Manual ("Guidelines"). In light of Green's history of violating the conditions of his supervised release, we find the district court acted within its discretion.

In 2006, Green pled guilty to participating in a conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. Because of his significant prior criminal record, Green was sentenced to 124 months of imprisonment followed by five years of supervised release.

Green was released to supervision in September 2015. Within months, he tested positive multiple times for use of controlled substances, failed to inform his probation officer of a change in employment, and failed to attend a required program for drug and alcohol abuse—all in violation of the conditions of his supervised release. The district court revoked Green's supervision and sentenced him to eight months of imprisonment, followed by 120 days in a residential reentry center and the remainder of his original term of supervised release. But, after the district court allowed Green several days to take care of personal matters, he failed to turn himself in. After he was arrested, the district court amended its prior judgment and sentenced Green to one year and one day of imprisonment, followed by the same 120 days in a reentry center and the remainder of his original supervised release term.

Green was released in November 2016. On four separate occasions during the following month, Green signed out of the residential reentry center to go to work and failed to either actually attend work or to timely return to the center. As the center proceeded to terminate Green from its program, he absconded. Green's probation officer filed a corresponding petition alleging yet another round of supervised release violations.

At the revocation hearing, Green admitted to the reentry center violations. The district court calculated the advisory sentence range at 8 to 14 months of imprisonment. Green's probation officer recommended 23 months, but the United States of America suggested "[t]hat may be too much." The district court then sentenced Green to 18 months of imprisonment without further supervised release, explaining: "[W]e want to get you on the straight and narrow . . . but not to be too punitive about it."

On appeal, we review a revocation sentence under the same deferential abuse-of-discretion standard applicable to initial sentencing proceedings. *United States v. Young*, 640 F.3d 846, 848 (8th Cir. 2011). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009)).

Green now argues the district court gave too much weight to his past conduct and not enough to the non-violent nature of his latest admitted violations. We disagree. The district court emphasized that Green's latest offenses were part of a larger picture in which he continued to violate the terms of his supervision. The district court "did not ignore" the nature of Green's latest offenses, but "simply gave more weight to the ample evidence of . . . the previously futile efforts to get [Green] to" comply with his supervision "using less stringent consequences." *Young*, 640 F.3d at 848 (internal quotation marks omitted). This was not an abuse of discretion.[2]

---

[2]In his brief to this Court, Green also quoted his letter to the district court arguing that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), his original sentence was improperly enhanced and the district court should consider that enhancement in any revocation sentence. To the extent his quotation counts as raising that argument here, we find it without merit. The district court expressly

We also reject Green's argument that 18 months of imprisonment is greater than necessary to achieve the goals of federal sentencing and is "inherently unreasonable." We review a revocation sentence "under the same 'reasonableness' standard that applies to initial sentencing proceedings." *United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008) (quoting *United States v. Cotton*, 399 F.3d 913, 916 (8th Cir. 2005)). The Supreme Court has been clear that "if the sentence is outside the Guidelines range, [this] court may not apply a presumption of unreasonableness." *Gall v. United States*, 552 U.S. 38, 51 (2007). Indeed, we have consistently upheld upward variances in revocation sentences based on repeated violations of the conditions of supervised release. *See, e.g.*, *United States v. Larison*, 432 F.3d 921, 922 (8th Cir. 2006).

Furthermore, the district court expressed concern that Green had continuously failed to reform his conduct. The stated purpose of the sentence was to help "get [Green] on the straight and narrow" in a way the previous one-year sentence had not. Under these circumstances, we conclude Green's revocation sentence was not substantively unreasonable.

For the foregoing reasons, the judgment of the district court is affirmed.

_____

considered Green's argument. Further, Green was complaining of a career offender enhancement under the Guidelines, to which *Johnson* does not apply. *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017).

-4-