# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2635

_____

United States of America

*Plaintiff - Appellee*

v.

Alvino Lorenzo Angel, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Central Division

_____

Submitted: May 18, 2018
Filed: August 30, 2018
[Unpublished]

_____

Before SHEPHERD, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

In April 2005, Alvino Lorenzo Angel, Jr. pled guilty to conspiracy to possess a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a) and 846. He was sentenced to 161 months of imprisonment and three years of supervised release. Within a year after completing his prison sentence, he admitted to using marijuana and failing to inform his probation officer of a change in residence. Angel

was eventually arrested for violating the conditions of his supervised release, but the district court[1] granted his motion to continue the revocation hearing so he could attend a 120-day treatment program for methamphetamine addiction.

About halfway through the program, Angel failed a preliminary alcohol test and was placed on temporary house arrest. In response, he punched a hole in the wall of the urinanalysis room in the halfway house where he was staying. He was terminated from the program, and the district court imposed the revocation sentence at issue here: 18 months of imprisonment—four months above the recommended range under Chapter 7 of the Sentencing Guidelines—and 24 months of supervised release.

Angel argues the district court failed to address his argument that he should continue receiving treatment in lieu of imprisonment and also failed to explain why it imposed a four-month upward variance. Because Angel did not raise these procedural objections at sentencing, our review is for plain error. *See United States v. Miller*, 557 F.3d 910, 916 (8th Cir. 2009). "To establish plain error, [Angel] must prove that (1) there was error, (2) the error was plain, and (3) the error affected his substantial rights." *Id*. Furthermore, we will correct such error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

We find no plain error here. The district court explained that allowing Angel to enter a drug treatment program was "an act of leniency," and that Angel "violated [its] trust" by resisting supervision and by damaging the halfway house wall. The district court also expressed concern that Angel was difficult to locate following the original violations of his supervised release. We find this explanation adequate. *See*

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

*Rita v. United States*, 551 U.S. 338, 357 (2007) (stating the district court will "normally" explain why it rejects defendant's nonfrivolous reasons for an alternative sentence); *United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008) ("[B]ut *Rita* also indicates that not every reasonable argument advanced by a defendant requires a specific rejoinder by the judge.").

For the same reasons, we also hold the district court adequately explained the four-month upward variance. *See Rita*, 551 U.S. at 359 ("Where a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively."). Even if we concluded otherwise, Angel cannot establish "a reasonable probability that, but for the error, the outcome of the proceeding would have been different"—*i.e.*, that it affected his substantial rights. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation mark omitted); *Miller*, 557 F.3d at 917 (holding there was no prejudice where the district court similarly indicated a challenged revocation sentence followed from defendant's violation of "considerable leniency" granted in earlier supervised release).

Angel also contends the sentence was substantively unreasonable. He argues the district court gave too much weight to the wall-punching incident, given that it deemed his original violations of supervision as not requiring imprisonment and considered his preliminary positive alcohol test to be only "a relatively minor matter." We consider "the substantive reasonableness of a revocation sentence 'under a deferential abuse of discretion standard.'" *Miller*, 557 F.3d at 917 (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). A district court abuses its discretion if, among other things, it "gives significant weight to an improper or irrelevant [sentencing] factor." *Id.* (quoting *United States v. Mousseau*, 517 F.3d 1044, 1048 (8th Cir. 2008)).

We disagree with Angel's contentions here. The sentencing transcript shows the district court allowed drug treatment after Angel's original violations as "an act of leniency" and "accommodat[ion]." The transcript also shows the district court deemed the *consequence* of Angel's test result—house arrest until confirmation test results came back—and not the test result itself to be "a relatively minor matter." Furthermore, "[i]n addition to presiding over [Angel's] revocation sentencing, the District Court also presided over [Angel's] initial sentencing. At the revocation hearing, therefore, the court was fully apprised of [Angel's] history and characteristics." *Id.* at 918. In light of that familiarity, the district court "simply gave more weight" to Angel's failure to comply with the conditions of his supervision, including the rules and discipline of his drug treatment program. *United States v. Young*, 640 F.3d 846, 848 (8th Cir. 2011).

We conclude the district court appropriately considered the relevant 18 U.S.C. § 3553(a) factors and thus committed no abuse of discretion. *Miller*, 557 F.3d at 917–18 .

We affirm the judgment of the district court.

_____