# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1216

_____

United States of America

*Plaintiff - Appellee*

v.

Brandon Devos

*Defendant - Appellant*

_____

No. 18-1217

_____

United States of America

*Plaintiff - Appellee*

v.

Brandon Devos

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Before COLLOTON, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Brandon Devos appeals his within-Guidelines-range sentence following revocation of his supervised release in two federal criminal cases. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Devos pled guilty to conspiracy to distribute heroin in 2006 and was sentenced to 104 months imprisonment and 3 years of supervised release. He briefly escaped from a residential reentry center in 2013, leading to a second federal case in which he pled guilty to escaping from custody. In this second case, Devos received a sentence of 21 months imprisonment plus 3 years of supervised release. He began serving his two three-year terms of supervised release concurrently in 2016.

Five months later, Devos's supervised release was revoked after he failed to participate in substance abuse testing, used methamphetamine, associated with persons engaged in criminal activity, and lied to his probation officer. He received a sentence of two concurrent 12-month terms of imprisonment followed by two years of supervised release. As a special condition of supervised release, Devos's sentence included a mandated period of up to 120 days in a residential reentry center. In June 2017, Devos began his third term of supervised release and, at his request, was released to the Central District of California. However, after he failed to secure residential reentry center placement in California, Devos requested that his supervision be transferred back to the Northern District of Iowa, and he entered a residential reentry center in Cedar Rapids.

In January 2018, the United States Probation Office filed a petition to revoke Devos's supervised release, alleging that he failed to comply with residential reentry center rules, committed two new law violations, and lied to his probation officer. The district court[1] held a revocation hearing. Devos admitted or did not contest the alleged violations, and the district court revoked his terms of supervised release in both cases.

Devos's Guidelines range in each case was 24 months. He sought a sentence of 15 months imprisonment, while the government sought a 24-month term of imprisonment. Neither requested a term of supervised release. The district court considered the 18 U.S.C. § 3553(a) factors and sentenced Devos to concurrent sentences of 24 months imprisonment in each case with no supervised release to follow. Devos appealed, arguing that the district court imposed a substantively unreasonable sentence.

We review a district court's sentencing decision following revocation of supervised release for an abuse of discretion. United States v. White, 840 F.3d 550, 554 (8th Cir. 2016). A district court abuses its discretion if it gives an improper factor too much weight, does not consider a factor that should have been given significant weight, or commits "a clear error of judgment" in weighing the various factors. Id.

The district court must consider the § 3553(a) factors in making its decision, United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc), but it has "wide latitude" to assign some of those factors greater weight than others. United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012). If the sentence is within the

---

[1] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

range recommended by the Sentencing Guidelines, we may presume that sentence is reasonable. Feemster, 572 F.3d at 461.

The recommended Guidelines ranges in Devos's two cases were 24 to 30 months imprisonment and 33 to 41 months imprisonment, respectively. However, the statutory maximum sentence available after revocation of supervised release for Class C and D felonies is 24 months imprisonment. 18 U.S.C. § 3583(e)(3). Thus, the effective Guidelines range in each of Devos's cases became 24 months as well. The district court imposed a 24-month sentence, which is within the Guidelines range. We may therefore presume that sentence is reasonable.

On appeal, Devos does not argue that the district court relied on improper factors or that it failed to consider factors that should have received significant weight. Rather, he argues solely that the district court should have given more weight to his demonstrated ability to hold down a job and his lack of supervised release violations while he was in California. However, the district court carefully considered these mitigating factors along with the § 3553(a) factors and ultimately concluded a 24-month sentence was appropriate. We find that such a determination was within the district court's "wide latitude," see David, 682 F.3d at 1077, and that the district court did not abuse its discretion simply by failing to give some factors the weight Devos would have preferred. Because we find no abuse of discretion, we conclude that Devos's sentence is not substantively unreasonable.

We affirm the district court's judgment.

_____