# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-2126

_____

United States of America

*Plaintiff - Appellee*

v.

Stuart Cole Mitchell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 13, 2020
Filed: March 25, 2020
[Unpublished]

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

In 2009, Stuart Cole Mitchell pled guilty to attempted receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). The district court[1] sentenced him

_____

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

to 63 months of imprisonment, followed by five years of supervised release. The original term of supervised release began in February 2014, but was revoked on four different occasions for violations of the conditions of release. Two of the first three revocations were followed by short periods of incarceration and further supervised release. After the fourth revocation, Mitchell was sentenced to three months of home detention, to be followed by the remaining term of supervised release. However, days later, Mitchell violated his supervised release for the fifth time, this time for possessing sexually explicit photographs on his cell phone.

In May 2019, the government filed a motion to revoke Mitchell's supervised release based on the sexually explicit photographs on his phone, his failure to report to his probation officer, his failure to comply with his approved location monitoring schedule, and his failure to attend sex offender treatment. Mitchell's recommended sentence under the United States Sentencing Guidelines Manual ("Guidelines") was from three to nine months of incarceration, but 18 U.S.C. § 3583(e)(3) authorized up to two years of incarceration. The government recommended Mitchell be sentenced to the statutory maximum of two years of imprisonment with no further supervised release, given Mitchell's continuous supervised-release struggles and failure to meaningfully engage with the treatment offered.

During the revocation proceedings, the district judge noted that the underlying case was for child pornography, acknowledged that Mitchell's supervised release was revoked four times previously, and then concluded that the statutory maximum sentence without any further supervision would be most appropriate "to afford adequate deterrence to his conduct and promote respect for the law." On appeal, Mitchell argues the district court's two-year sentence was procedurally and substantively unreasonable.

We review "a sentence imposed upon revocation of supervised release . . . for an abuse of discretion." *United States v. White*, 840 F.3d 550, 554 (8th Cir. 2016).

This is "the same 'deferential abuse-of-discretion' standard that applies to initial sentencing proceedings." *Id.* at 552 (quoting *United States v. Young*, 640 F.3d 846, 848 (8th Cir. 2011)).

On appeal, Mitchell argues his sentence is procedurally unreasonable because the district court did not consider all relevant 18 U.S.C. § 3553(a) factors, as required by 18 U.S.C. § 3583(e). Specifically, Mitchell asserts the district court failed to consider "the need to avoid unwarranted sentencing disparities" in § 3553(a)(6). However, the district court need not "mechanically list every § 3553(a) consideration when sentencing a defendant upon revocation of supervised release." *United States v. Thunder*, 553 F.3d 605, 608 (8th Cir. 2009) (quoting *United States v. White Face*, 383 F.3d 733, 740 (8th Cir. 2004)). It is permissible to "give some factors less weight than a defendant prefers or more [weight] to other factors [and] that alone does not justify reversal." *United States v. Anderson*, 618 F.3d 873, 883 (8th Cir. 2010).

Here, the district court properly considered Mitchell's history and characteristics, the nature and circumstances of the offense, the need for an adequate sentence to deter future conduct, and the applicable Guidelines range. And, although the district court did not specifically discuss unwarranted sentencing disparities, it clearly considered and weighed the sentencing factors and chose to give some factors, like § 3553(a)(6), less weight than others. Such a decision is within the district court's "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining the appropriate sentence." *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009). Therefore, the district court did not abuse its discretion and the sentence was procedurally reasonable.

Similarly, Mitchell argues his sentence is substantively unreasonable because the district court specifically considered whether his sentence would help to promote respect for the law under 18 U.S.C. § 3553(a)(2)(A), a factor excluded from the list of appropriate factors to consider for revocation under 18 U.S.C. § 3583(e).

"However, on abuse of discretion review for substantive reasonableness, we examine for whether the district court 'g[ave] *significant* weight to an improper or irrelevant factor.'"  *United States v. Hall*, 931 F.3d 694, 697 (8th Cir. 2019) (alteration in original) (quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)).  Here, like in *Hall*, the district court discussed, in support of its sentence, the nature and circumstances of the offense, looked at Mitchell's criminal history, explained the need to adequately deter Mitchell's future conduct — all proper factors for consideration of revocation — and then *also* mentioned promoting respect for the law.  The district court's decision here is an instance of "using an excluded factor as an insignificant justification" resulting in "no substantive error" and therefore no abuse of discretion.  *Id.*

Because we find no error, procedural or substantive, in the district court's revocation sentence, we affirm.

_____