# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3528
_____

United States of America

*Plaintiff  Appellee*

v.

Gerard Boyd

*Defendant  Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: November 11, 2019
Filed: April 17, 2020
_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

Gerard Boyd pleaded guilty to being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). The district court[1] varied upward from his Sentencing Guidelines range and sentenced him to 42 months in prison. Boyd argues his sentence is procedurally flawed and substantively unreasonable. We affirm.

_____

[1] The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

Boyd was arrested following a disturbance at an apartment complex. A complainant informed responding officers that after she denied Boyd entry to her apartment, he became angry and pulled out a handgun. Boyd never pointed the gun at the complainant, but he did tell her not to cross him. Shortly after the argument, police spoke with Boyd and he consented to a pat down search that led to the discovery of a stolen firearm.

Boyd pleaded guilty to one count of being a felon in possession of a firearm. His base offense level was 13 with a category III criminal history. The Guidelines recommended a sentence between 18 and 24 months in prison. The court varied upward to 42 months in prison based on Boyd's criminal history and the seriousness of the offense conduct, the need to protect the public, and the need to deter Boyd. On appeal, Boyd contends the court committed procedural error by relying on "improper and unproven factors"—largely his prior, uncharged arrests and certain facts about his offense of conviction. These same arguments underpin his claim that his sentence is substantively unreasonable.

We review sentences for an abuse of discretion. *United States v. David*, 682 F.3d 1074, 1076 (8th Cir. 2012). Initially, we "review a sentence for significant procedural error and then, if necessary, for substantive reasonableness." *Id*. As relevant here, a procedural error occurs if the court improperly calculated the Guidelines range or selected the "sentence based on clearly erroneous facts." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "An abuse of discretion occurs where the sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *David*, 682 F.3d at 1077. "When a district court varies from the guidelines based upon its application of § 3553(a), we consider both whether the district court's decision to grant a variance is reasonable and whether the extent of the variance is reasonable." *United States v. Garnette*, 474 F.3d 1057, 1060 (8th Cir. 2007). When reviewing a court's decision to vary upward, we

"must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Feemster*, 572 F.3d at 462–63 (citation omitted).

Boyd's primary argument is that the court committed procedural and substantive error when it considered his arrest record and the circumstances of those arrests. The arrests were listed in the PSR and gleaned from prior police reports. Boyd notes that prior arrests cannot be considered when a court applies an upward departure under Guideline § 4A.13, and reasons that courts should not rely on prior arrests as the basis for an upward variance either. Though Boyd is correct that a court cannot consider a prior arrest alone when applying § 4A1.3's upward departure, *see United States v. White*, 840 F.3d 550, 553 (8th Cir. 2016) (per curiam), "district courts are not limited in the kinds of information they may consider when assessing a defendant's character for the purpose of a variance boost," *id*. "[S]pecific facts underlying the arrests may be considered for an upward departure and so should be fair game for a variance as well." *Id*. (citation omitted). And the facts underlying Boyd's prior arrests were part of his "history and characteristics" under § 3553(a).

Boyd also suggests it was error for the court to rely on the police reports because they contained unproven facts. But, the reports were described in his PSR and were fair game to consider for a variance because Boyd did not object to them before the district court.[2] *United States v. Thorn*, 413 F.3d 820, 823 (8th Cir. 2005). "It is clear from the transcript that the district court was relying on the violent facts, set out in the [PSR], underlying [Boyd's] prior arrests." *White*, 840 F.3d at 553.

---

[2] Boyd also argues the court erroneously considered prior drug offenses at sentencing. The court did not vary upward because of his prior drug use, but even if it did, Boyd's counsel admitted that a lot of his criminal history "is driven by drug abuse." Sent. Tr. 15:19–23.

Boyd next argues the court erroneously assumed "that there was a 'victim,'" Boyd Br. 16, and misidentified the complainant as Boyd's girlfriend, *id.* at 14–16. Because felon in possession is a "victimless" crime, Boyd argues the court clearly erred when it referred to the complainant as a victim. Even though the complainant said she did not feel threatened, the district court's choice of words was not clearly erroneous. When varying upward the court clarified that the "heart of [] concern in this case" is that Boyd pulled out a handgun during an argument and told the complainant not to cross him. Sent. Tr. 27:4–7. So although the charged crime was "victimless," the complainant was clearly the victim of a threat involving a gun. In fact, at sentencing even defense counsel referred to the complainant as a "victim". *See id.* at 21:1–10. And although the court mistakenly referred to her as Boyd's girlfriend, it merely misspoke in the moment. Boyd's counsel contemporaneously corrected the record. *Id*. at 26:17–21. Nothing here suggests a corrected misstatement improperly influenced the court's sentencing decision.

Finally, the upward variance was not unreasonable. Boyd was previously arrested for assaulting past girlfriends: one he burned with a cigar, one he hit in the head with a brick, and one he lifted off the ground by her throat. The court could rely on those incidents and more generally on other assault arrests to "extrapolate[] from the uncontested facts in the PSR—including the number, frequency, and seriousness of [Boyd's] various arrests and convictions—to draw conclusions about characteristics relevant to sentencing factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Mateo*, 471 F.3d 1162, 1167 (10th Cir. 2006). The seriousness of Boyd's previous assaults, coupled with the facts underlying his arrest in this case, weighed significantly in favor of varying upward. We find no abuse of discretion and affirm Boyd's sentence.

———————————————