United States Court of Appeals

For the Eighth Circuit

_____

No. 19-3331
_____

United States of America

*Plaintiff - Appellee*

v.

Dante Kenneth Benson-Henry

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: April 17, 2020
Filed: July 14, 2020
[Unpublished]

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Dante Kenneth Benson-Henry appeals his 16-month prison sentence imposed
for violating the conditions of his supervised release. Benson-Henry argues the district

court[1] erred by varying upward from the 6–12 month range recommended by the United States Sentencing Guidelines Manual ("Guidelines" or "U.S.S.G."). We disagree and affirm the sentence given by the district court.

Benson-Henry was on supervised release in August 2019 when his probation officer filed a petition with the district court alleging Benson-Henry failed to contact and report to him as required by the release conditions. Based on this petition, the district court issued a warrant and Benson-Henry was arrested on August 30, 2019. On September 3, 2019, Benson-Henry was released on the conditions that he participate in location monitoring and that he remain at his home at all times except for certain pre-scheduled and approved activities. Benson-Henry violated these conditions by moving his location receiver and cutting off his ankle bracelet.

At the supervised release revocation hearing, the probation officer also alleged that Benson-Henry possessed a firearm during his supervised release on or about September 6, 2019. Not only did firearm possession violate his supervised-release conditions, it also constituted a felony under 18 U.S.C. § 922(g)(1) and thus was a Grade B supervised-release violation, 18 U.S.C. § 3583(g); U.S.S.G. § 7B1.1. If proved, Benson-Henry's firearm possession would subject him to a recommended sentence of 6–12 months of imprisonment rather than the 4–10 months recommended for his other supervised-release violations. *See* U.S.S.G. § 7B1.4.

Benson-Henry admitted that he failed to report to his probation officer five times during the months of July and August. However, he denied the allegation that he possessed a firearm in September. The district court found that Benson-Henry possessed a firearm, revoked his supervised release, and sentenced him to 16 months of imprisonment without further supervised release.

---

[1]The Honorable Wilhelmina M. Wright, United States District Judge for the District of Minnesota.

Benson-Henry now appeals this decision on two grounds. First, he argues the government failed to prove he possessed a firearm in violation of his supervised-release conditions. Second, he contends the sentence imposed by the district court is unreasonable. Neither argument has merit.

We review for clear error the district court's conclusion that Benson-Henry possessed a firearm in violation of his supervised-release conditions. *United States v. Boyd*, 792 F.3d 916, 919 (8th Cir. 2015). "Under clear error review, we may reverse 'only if we have a definite and firm conviction that the District Court was mistaken.'" *United States v. Willis*, 433 F.3d 634, 636 (8th Cir. 2006) (quoting *United States v. Bahena*, 223 F.3d 797, 802 (8th Cir. 2000)). To overcome the clear error standard, Benson-Henry must show the district court clearly was mistaken in finding, upon a preponderance of the evidence, that he was in possession of a firearm at the times alleged. *See* 18 U.S.C. § 3583. He failed to do so.

While the firearm was not physically found, incriminating Facebook posts and a probation officer's testimony sufficiently demonstrated that Benson-Henry possessed a firearm at the times alleged. An August post by a Facebook user named "Dante Benson" included a first-person perspective video of a man holding a firearm. According to the probation officer, Benson-Henry's garage was clearly identifiable in the background of the video. In September, the same Facebook user posted a picture of someone holding what appeared to be the same firearm and a threatening reference to his "9" and an unpaid debt. He even provided the following caption for the Facebook photo of the firearm: "I hope my PO don't see this . . . But I love my nine." This hope was short-lived, as his probation officer did see the Facebook post and testified about it at sentencing. Given this evidence and testimony, we conclude the district court's determination that Benson-Henry possessed a firearm during his supervised release was not clearly erroneous.

We next review the district court's revocation of supervised release and imposition of a 16-month sentence without supervised release "under the same 'deferential abuse-of-discretion' standard that applies to initial sentencing proceedings." *United States v. Young*, 640 F.3d 846, 848 (8th Cir. 2011) (quoting *United States v. Thunder*, 553 F.3d 605, 607 (8th Cir. 2009)). Furthermore, "a district court is given 'wide latitude in weighing relevant factors.'" *United States v. Wilkins*, 909 F.3d 915, 917 (8th Cir. 2018) (quoting *United States v. Farmer*, 647 F.3d 1175, 1180 (8th Cir. 2011)).

Although the Guidelines recommended a 6–12 month sentence, imposing a 16-month sentence was not substantively unreasonable. The district court clearly explained that Benson-Henry's conduct "involve[d] the possession of a dangerous weapon" and showed a "lack of respect for the public." Additionally, the district court described how his particular supervised-release violations put him at risk of relapsing into substance abuse and mental-health problems, which indicated to the court that supervised release was no longer an acceptable option. These facts, combined with the appropriate § 3553(a) factors considered by the court, sufficiently justified the district court's discretionary imposition of a 16-month sentence. *See* 18 U.S.C. §§ 3553(a), 3853(e); *see also United States v. Cotton*, 399 F.3d 913, 914–17 (8th Cir. 2005) (affirming a 46-month sentence for supervised-release violations where the advisory range was 7–13 months due to the defendant's repeated violations, the need to protect public safety, and to keep the defendant in substance abuse treatment).

The judgment of the district court is affirmed.

_____