# United States Court of Appeals
### For the Eighth Circuit
_____

No. 20-1266
_____

United States of America

*Plaintiff - Appellee*

v.

Cody Michael Lassen, also known as Cody Michael Lassen, III

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: December 14, 2020
Filed: March 29, 2021
[Unpublished]
_____

Before GRUENDER, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Cody Michael Lassen appeals his sentence after pleading guilty to conspiracy to distribute methamphetamine. The district court[1] found that he was a career offender and adopted the presentence investigation report which recommended a

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

total offense level of 34 and a criminal history category of VI, resulting in a Guidelines range of 262 to 327 months. Lassen's status as a career offender made no impact because his criminal history carried 22 points on its own. The district court imposed a bottom-of-the-Guidelines sentence of 262 months in prison. Lassen appeals, arguing that his sentence was substantively unreasonable because the court improperly weighed the 18 U.S.C. § 3553(a) sentencing factors and should have granted his request to vary downward.

We review the reasonableness of a district court's sentence for an abuse of discretion, considering the totality of the circumstances. United States v. Gall, 552 U.S. 38, 51 (2007). We are allowed, but not required, to presume a sentence within the Guidelines range is reasonable. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (citing Gall, 552 U.S. at 51); see also United States v. Nelson, 982 F.3d 1141, 1146 (8th Cir. 2020).

We conclude that the district court did not overlook a relevant sentencing factor in § 3553(a) or commit a clear error of judgment in weighing the sentencing factors. See United States v. Boyd, 956 F.3d 988, 991 (8th Cir. 2020). The district court thoroughly reviewed Lassen's extensive juvenile and adult criminal history. It considered that Lassen distributed methamphetamine while on parole, just a few weeks after getting out of prison. The district court also discussed mitigating factors like Lassen's young age when he began using drugs and his mental health history. Weighing the factors differently than Lassen wanted and denying his request to vary downward from the Guidelines range "does not mean [the district court] abused its discretion." United States v. Harrell, 982 F.3d 1137, 1141 (8th Cir. 2020).

We find that the district court's within-Guidelines sentence was reasonable. The sentence is affirmed.

_____